FILED
2022 Mar-10  PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JAMES A. MEZRANO, JR.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **STATE FARM FIRE AND** | ) | Civil action no. |
| **CASUALTY COMPANY; STEVEN** | ) | |
| **TROTTER; SHANE ABERNATHY** | ) | |
| **AND FICTITIOUS PARTIES,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants State Farm Fire and Casualty Company ("State Farm") and Steven Trotter respectfully file this Notice of Removal, removing this civil action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Northern Division pursuant to 28 U.S.C. §1441, *et seq*. In support of the Notice of Removal, Defendants State Farm and Trotter state as follows:

### PROCEDURAL BACKGROUND

1.      On February 3, 2022 Plaintiff James A. Mezrano, Jr. ("Plaintiff") filed a Complaint in the Circuit Court of Jefferson County, Alabama, in the civil action styled *James A. Mezrano, Jr. vs. State Farm Fire and Casualty Company, Steven Trotter, and Shane Abernathy*, Civil Action no. CV-2022-900323. Against all three

Defendants, Plaintiff asserted eight claims: (1) Negligent Failure to Settle and/or Investigate, (2) Wanton Failure to Settle and/or Investigate, (3) Respondeat Superior, (4) Negligent Hiring, Training, Supervision, and/or Retention, (5) Wanton Hiring, Training, Supervision, and/or Retention, (6) Agency, (7) Fraud, and (8) Civil Conspiracy. Against State Farm, Plaintiff asserted three additional claims: (9) breach of contract, (10) bad faith, and (11) unjust enrichment. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, discovery and orders are attached hereto as **Exhibit "A."**

2.      The Complaint alleges that on or about January 25, 2021, Plaintiff's home at 5923 Deer Crest Lane, Trussville, Alabama was damaged in a windstorm. *See* Ex. A, Compl. at ¶¶9-10. According to Plaintiff, the roof damage was "to the point it needed to be replaced." *Id.* ¶18. Plaintiff filed a claim with State Farm pursuant to his Homeowners Policy, and State Farm allegedly assigned the claim to adjusters Trotter and Abernathy. *Id.* ¶¶12-13.

3.      The Complaint further alleges that State Farm "orchestrated" several acts to avoid its contractually obligations, and Defendants "negligently and/or knowingly, ignored and/or omitted various damage to Plaintiff's roof, and wrongfully attributed other damaged areas of Plaintiff's roof to causes unrelated to the windstorm that caused the damage." *Id.* ¶17. Specifically, Plaintiff claims that an unidentified State Farm agent inspected the roof in a negligent, wanton and/or

fraudulent manner. *Id.* ¶¶15-16. Then, State Farm allegedly hired a purported "neutral" third-party, EDT Forensic Engineering & Consulting ("EDT"), to inspect the roof who conducted "the same type of purposefully flawed inspection done by State Farm." *Id.* ¶¶88-91. EDT's report allegedly "purposefully failed to attach other photographs of Plaintiff's roof that would have clearly shown the extensive windstorm damage done to Plaintiff's roof justifying its replacement." *Id.* ¶93.

4.    Plaintiff alleges that State Farm wrongfully refused to replace his roof and that he was forced to pay for an entire roof replacement on his own. *Id.* ¶19. Based upon these allegations, Plaintiff seeks damages in the form of mental anguish, emotional distress, compensatory and punitive damages. *Id*. ¶76 and "Wherefore" clauses.

5.    Defendant State Farm was served with the Summons and Complaint on February 8, 2022. Upon information and belief, Defendant Trotter was served with the Summons and Complain on February 11, 2022. Therefore, this filing is within 30 days. *See* 28 U.S.C. §1446(b).

6.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants State Farm and Trotter have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

## DIVERSITY OF CITIZENSHIP

7.     Plaintiff was, at the time of the filing of the Complaint and is now, a citizen of the State of Alabama.  Ex. A, Compl. at ¶1.

8.     Defendant State Farm is an Illinois corporation with its principal place of business in the State of Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), State Farm is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

9.     Defendant Steven Trotter was, at the time of the filing of the Complaint and is now, a citizen of the State of Georgia. *Id.* ¶3.

10.     Defendant Shane Abernathy–the only nondiverse Defendant–is a citizen of the State of Alabama. *Id.* ¶4. However, as demonstrated below, the joinder of Defendant Abernathy is improper, and his citizenship may be disregarded in determining whether federal diversity jurisdiction exits. *See Cabalceta v. Standard Co.*, 883 F.2d 1553 (11th Cir. 1989); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship.").

## PLAINTIFF FRAUDULENTLY JOINED DEFENDANT SHANE ABERNATHY

11.     Joinder of Defendant Abernathy as a party defendant to this cause is an improper joinder, and as such, the citizenship of Abernathy cannot defeat federal jurisdiction. The test for determining improper joinder is:

> (1)     Whether there is no possibility that the plaintiff can establish any cause of action alleged in the Complaint against the resident defendant; and,
>
> (2)     Whether the plaintiff has improperly pled jurisdictional facts in order to bring the resident defendant into state court.

*See Cabalceta*, 883 F.2d at 1561 (*citing Insigna v. LaBella*, 845 F. 2d 249, 254 (11th Cir. 1988)). Moreover, "[t]hese determinations should be made based upon plaintiffs' pleadings at the time of removal." *Cabalceta*, 883 F.2d at 1561. Further, "[w]hen a Plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

12.     All of Plaintiff's claims against Abernathy fail as a matter of law, and, therefore, this Court can disregard his citizenship for purposes of removal:

### A. Plaintiff failed to state an actionable claim of negligence/wantonness against Abernathy because Alabama law does not recognize claims for negligent or wanton claim handling.

The Alabama Supreme Court has consistently held there is no cause of action for negligent or wanton claim handling in Alabama:

> [T]his Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims.

*Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (citing *Pate v. Rollison Logging Equipment, Inc.,* 628 So.2d 337 (Ala.1993); *Chavers v. National Security Fire & Casualty Co.,* 405 So.2d 1 (Ala.1981); *Calvert Fire Ins. Co. v. Green,* 278 Ala. 673, 180 So.2d 269 (1965)). This black letter law in Alabama applies to both insurers like State Farm and adjusters like Abernathy. *Fed. Nat. Mortg. Ass'n v. GNM II, LLC*, No. 2:13-CV-700-WC, 2014 WL 1572584, at *5 (M.D. Ala. Apr. 17, 2014) (citing *Kervin*, 667 So.2d at 706).

As noted above, Plaintiff alleges Abernathy "negligently and/or knowingly, ignored and/or omitted various damage to Plaintiff's roof, and wrongfully attributed other damaged areas of Plaintiff's roof to causes unrelated to the windstorm that caused the damage." Ex. A, Compl. at ¶17. Even if the allegations are accepted as true, Plaintiff's negligence/wantonness claims fail as a matter of law because Alabama law refuses to recognize claims for negligent or wanton claim handling.

6

**B.     Plaintiff's claims against Abernathy for Respondeat Superior, Negligent/Wanton Hiring, Training, Supervision, and/or Retention, and Agency are all, in substance, claims for negligent/wanton claim handling and also fail.**

Courts look to the substance of a pleading, not its labels and form. *See Aldana v. Del Monte Fresh Produce, N.A., Inc*., 416 F.3d 1242, 1253 (11th Cir.2005); *Scharff v. Wyeth*, No. 2:10–CV–220–WKW, 2011 WL 3320501, at *16 (M.D.Ala. Aug. 2, 2011) ("Substance, not labels, governs."). Plaintiff's claims against Abernathy for Respondeat Superior, Negligent/Wanton Hiring, Training, Supervision, and/or Retention, and Agency claims allege the same negligent/wanton claim handling conduct and therefore should be treated as such.

Regarding Respondeat Superior, Plaintiff  imputes alleged negligent/wanton claim handling on Abernathy: "To the extent the acts resulting in the damages to the Plaintiff and/or damages complained of more specifically herein were within the scope of Defendants', Steven Trotter and Shane Abernathy, employment with the Defendant State Farm,…those defendants as principal or principals are vicariously liable for the actions of its said agents, employees, and/or servants." Ex. A, Compl. at ¶35. Likewise, Plaintiff merely alleges that negligent/wanton hiring, training, supervision, and/or retention resulted in the negligent/wanton claim handling. *Id.* ¶¶38-39; 41-42. Lastly, the Agency claim also merely restates the negligent/wanton claim handling allegations: "Defendants Steven Trotter and/or Shane Abernathy had

the permission and/or authority of State Farm to investigate, inspect and/or settle claims related to Plaintiff's roof damage." *Id.* ¶45.

Plaintiff's various iterations of the negligent/wanton claim handling allegations all fail under Alabama law. Indeed, "*Kervin* does not limit its holding to the *investigation* of claims … Rather, *Kervin* states clearly that no cause of action is recognized in Alabama for "the negligent *handling* of insurance claims." *Fed. Nat. Mortg. Ass'n*, 2014 WL 1572584, at *5 (M.D. Ala. Apr. 17, 2014) (citing *Kervin*, 667 So.2d at 706). Accordingly, Plaintiff's Respondeat Superior, Negligent/Wanton Hiring, Training, Supervision, and/or Retention, and Agency claims against Abernathy fall within the unrecognized "negligent/wanton claim handling" cause of action and therefore fail as a matter of law.

### C.    Plaintiff failed to state a claim for Fraud against Abernathy.

In Alabama, a party alleging fraud by misrepresentation must prove that: (1) the defendant made a false representation concerning an existing material fact; (2) the defendant made that misrepresentation while knowing that it was false, or made it recklessly, or made it with no knowledge as to its truth or falsity; (3) the plaintiff reasonably relied on the misrepresentation; and (4) the plaintiff incurred damage proximately caused by the reliance. *Variable Annuity Life Ins. Co. v. Parrish*, No. 4:13-CV-2041-VEH, 2014 WL 713387, at *5 (N.D. Ala. Feb. 21, 2014) (citing *Luck v. Primus Auto. Fin. Servs., Inc.*, 763 So.2d 243, 245–46 (Ala. 2000)).

Plaintiff's fraud claim alleges that Abernathy "knowingly ignored and/or omitted various damage to Plaintiff's roof, and wrongfully attributed other damaged areas of Plaintiff's roof to causes unrelated to the windstorm that caused the damage." Ex. A, Compl. at ¶86. Notably, Plaintiff does not allege that Abernathy conducted State Farm's inspection. *Id.* ¶84. Likewise, Plaintiff alleges that EDT conducted the supplemental "flawed inspection." *Id.* ¶¶89-93. EDT's report was allegedly "vague, overly generalized and attached selected photographs to support its findings, but purposefully failed to attach other photographs of Plaintiff's roof that would have clearly shown the extensive windstorm damage done to Plaintiff's roof justifying its replacement." *Id.* ¶93. Plaintiff claims that State Farm, not Abernathy, "orchestrated" these actions to avoid its contractual liability. *Id.* ¶94. Plaintiff does not allege any misrepresentation, concealment, or suppression attributable to Abernathy.

> **i.    Plaintiff failed to plead a plausible fraud claim against Abernathy because any purported reliance by Plaintiff would be unreasonable under the facts alleged in the Complaint, and Plaintiff fails to allege he was induced to act.**

Under Alabama law, "a party alleging *any form* of fraud must present evidence of 'reasonable reliance' on the purported fraud." *AstraZeneca LP v. State*, 41 So. 3d 15, 27 (Ala. 2009) (citing *Foremost Ins. Co. v. Parham*, 693 So.2d 409 (Ala. 1997) (emphasis in original)). Further,

> "[t]o establish that a loss sustained in a business

transaction was caused by the defendant's misrepresentation, it must appear that the plaintiff relied upon the misrepresentations, and to show reliance, it must appear that the plaintiff believed the representations to be true. If the plaintiff knew that the representations were false or **if he was already in possession of knowledge and facts** which the defendant fraudulently attempted to conceal, he cannot complain that he has been misled to his damage by the defendant's attempted deception. 'A reliance upon the representations of another person in respect to any fact necessarily implies a belief in the truth of the statement thus made.' The idea of a person knowing a representation to be false and at the same time 'relying' thereon is a contradiction in terms."

*Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co.*, 390 So. 2d 601, 610-11 (Ala. 1980) (quoting *The Law of Torts*, §7.13 (1956) (emphasis added)). "'Knowledge may be established by circumstantial evidence even in the face of professions of ignorance.'" *AstraZeneca LP*, 41 So. 3d at 28 (quotation omitted).

Here, Plaintiff cannot show that he reasonably relied upon any alleged misrepresentations made by Abernathy. First, Plaintiff was in possession of the contract of insurance, the terms of which speak for itself. By possessing the contract, Plaintiff had knowledge regarding the terms and substance of the contract and therefore any reliance on alleged representations in contradiction thereto would be unreasonable. *See AstraZeneca LP*, 41 So. 3d at 29-30 (quoting *Shades Ridge*, 390 So. 2d 601); *see also AstraZeneca LP*, 41 So. 3d at 31 (quoting *Burroughs v. Jackson Nat'l Life Ins. Co.*, 618 So.2d 1329, 1332 (Ala. 1993) ("If the representee makes an investigation . . .that is free and unhampered, and he learns the truth, *or conditions*

10

*are such that he must obtain the information he desires* . . . he is presumed to rely on his own investigation, and not on the representation.") (emphasis in original) (citations omitted).

Furthermore, Plaintiff has not asserted that any alleged misrepresentation by Abernathy induced him to act or to change his course of conduct. "Reliance requires that the misrepresentation actually induced the injured party to change its course of action." *AstraZeneca LP*, 41 So. 3d at 31 (quoting *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 4 (Ala. 2004)). Notably absent from the Complaint are any allegations that Plaintiff *actuall*y changed his course of action based upon any alleged representations or specificity in regard to alleged misrepresentations by Abernathy. In fact, Plaintiff specifically did *not* change his course of action–Plaintiff alleges that he replaced his roof on his own. *See* Ex. A, Compl. at ¶19. Accordingly, Plaintiff has failed to assert a viable claim of fraud against Abernathy. *See Exxon Mobil Corp. v. Ala. Dep't of Conservation & Natural Res.*, 986 So. 2d 1093, 1115-16 (Ala. 2007) (holding there could be no reliance on alleged misrepresentations as a matter of law when there was no action on the alleged misrepresentations by changing position).

      **ii.**     **Plaintiff has also not pleaded a plausible fraud claim against Abernathy because the fraud allegations are not based on any alleged representations independent from the promises in the contract.**

Plaintiff's allegations of misrepresentation stem from the insurance contract between Plaintiff and State Farm and whether State Farm had a contractual right to

deny insurance benefits for the alleged roof damage. *See* Ex. A, Compl. at ¶19. Thus, the issue before this Court is whether the insurance contract provides that State Farm is required to tender insurance benefits for the alleged roof damage. If the contract requires State Farm to tender insurance benefits to Plaintiff for the alleged roof damage, then State Farm's denial of coverage, based on the facts of the claim, would be a dispute sounding in the contract between the State Farm and Plaintiff and <u>not</u> a fraud action against Abernathy. Because Plaintiff has not asserted any representations independent from the terms of the contract, Plaintiff's fraud claim against Abernathy fails as a matter of law. *See Stone v. Koch Farms of Gadsden LLC*, No. CV 1:12-3777-RBP, 2013 WL 121477 (N.D. Ala. Jan. 8, 2013)  (Probst, J.) (dismissing fraud claims on a motion to dismiss as the fraud allegations were not based on representations independent from the promises in the contract).

### iii. Plaintiff has failed to plead fraud with particularity as is required by Alabama law and Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 9(b) of the Federal Rules of Civil Procedure provides that when fraud is alleged, the circumstances constituting the fraud must be stated with particularity. Fed. R. Civ. P. Rule 9(b). The Eleventh Circuit has held that "pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the

defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Like the federal rules, Alabama requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Broadway v. State Farm Mut. Auto. Ins. Co.*, 364 F. Supp. 3d 1271, 1277 (M.D. Ala. 2014), *aff'd*, 683 F. App'x 801 (11th Cir. 2017) (citing *Ala. R. Civ. P.* 9(b)). Under either the Federal or Alabama rules, Plaintiff has failed to plead fraud with particularity against Abernathy.

First, Plaintiff does not provide any details with regard to the alleged misrepresentation(s) by Abernathy and summarily asserts a general claim for fraud against all "Defendants." *See* Ex. A, Compl. at ¶¶77-99. Plaintiff does not allege when the alleged misrepresentation(s) were made, how they were made or who made them. *Id.* Further, Plaintiff does not allege precise statements made by Abernathy, the time and place such statements were made, the contents and most importantly the manner in which these alleged statements misled Plaintiff. In addition, Plaintiff makes no allegations regarding if or how he relied on any alleged misrepresentations by Abernathy.

The Court is permitted to judge the sufficiency of Plaintiff's pleadings and disregard the fraud claim against Abernathy based on Plaintiff's deficiencies. *See Goff v. State Mil. Dep't*, No. 2:13CV60-MHT, 2013 WL 5352755, *19-20 (M.D. Ala. Sept. 24, 2013) (Coody, J) (dismissing the plaintiff's fraud claim on a motion

to dismiss because plaintiff failed to "state with particularity the circumstances constituting fraud or mistake."). Accordingly, Plaintiff has failed to plead this claim with the particularity required by the rules, and therefore, the fraud claim fails to state a cause of action against Abernathy.

### vii.    To the extent the Complaint alleges suppression, Plaintiff has still failed to plead a plausible claim.

It is unclear whether the Complaint alleges fraudulent suppression against Abernathy. Even if it does, the claim still fails as a matter of law. Under Alabama law, to establish a claim of fraudulent suppression, Plaintiff must prove that (1) Abernathy had a duty to disclose an existing material fact; (2) Abernathy concealed or suppressed that material fact; (3) the suppression induced Plaintiff to act or refrain from acting; and (4) Plaintiff suffered actual damage as a proximate result. *Coilplus-Alabama, Inc. v. Vann*, 53 So. 3d 898, 909 (Ala. 2010). The third element is the "reliance" element. *See also Houston Cnty. Health Care Auth. v. Williams,* 961 So. 2d 795, 814 (Ala. 2006) ("Additionally, a plaintiff in a suppression case must prove that [it] was induced to act by [its] *reasonable reliance* on the state of affairs as it appeared in the absence of the suppressed information.") (emphasis added).

First, as shown above, an essential element of suppression is reliance. Not once in the Complaint does Plaintiff allege that any alleged suppression by Abernathy induced Plaintiff to act or refrain from acting. Likewise, Plaintiff fails to assert in any substantive form that he relied upon any alleged suppressions asserted

against Abernathy and therefore, Plaintiff has failed to assert a viable claim of suppression.

Second, Plaintiff's suppression claim amounts to nothing more than mere general and conclusory allegations of unsavory business practices on the part of State Farm (not Abernathy). Any alleged fraud claim against Abernathy does not amount to suppression of an "undisclosed material fact" as required under Alabama law. *See Broadway v. State Farm Mut. Auto. Ins. Co.*, 4 F. Supp. 3d 1271 *9-10 (M.D. Ala. 2014), *aff'd*, 683 F. App'x 801 (11th Cir. 2017) (Watkins, J.) (dismissing a suppression claim where Plaintiff failed to allege Agent had knowledge of the information he allegedly failed to disclose and where plaintiff failed to allege the existence of an undisclosed material *fact* rather than merely conclusory allegations of bad business practices). Accordingly, any iteration of Plaintiff's fraud claim against Abernathy fails.

**D.    Plaintiff failed to state a claim for Conspiracy against Abernathy because there is no actionable underlying wrong.**

Lastly, Plaintiff's conspiracy claim against Abernathy fails. An action for civil conspiracy does not focus on the conspiracy alleged, but on the wrong committed by virtue of the alleged conspiracy. *Baker v. Hanks*, 661 So.2d 1155 (Ala. 1995). A claim for conspiracy must therefore fail when the underlying act itself does not support the action. *Id.* As discussed, all of the underlying claims supporting this

15

conspiracy claim fail. Plaintiff therefore fails to state a conspiracy claim upon which relief can be granted against Abernathy.

## AMOUNT IN CONTROVERSY

13.    It is apparent from the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Complaint asserts eleven state law claims of: (1) Negligent Failure to Settle and/or Investigate, (2) Wanton Failure to Settle and/or Investigate, (3) Respondeat Superior, (4) Negligent Hiring, Training, Supervision, and/or Retention, (5) Wanton Hiring, Training, Supervision, and/or Retention, (6) Agency, (7) Fraud, (8) Civil Conspiracy, (9) breach of contract, (10) bad faith, and (11) unjust enrichment. *See* Ex. A, Compl.

14.    Plaintiff seeks compensatory damages, punitive damages, and mental anguish and emotional distress damages. *Id*. ¶76 and "Wherefore" clauses. State Farm and Trotter deny the allegations of Plaintiff's Complaint and deny they are liable for any damages to Plaintiff. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. §1332.

15.    Removal is proper pursuant to 28 U.S.C. §1446, in that there is a sufficient basis that the jurisdictional amount in controversy could be met. The Court must apply 28 U.S.C. §1446(c). This section now provides:

(2)     If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 U.S.C.§ 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

(A)     the notice of removal may assert the amount in controversy if the initial pleading seeks—

(i)     nonmonetary relief; or

(ii)     a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B)     removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a) [28 U.S.C. § 1332(a)].

16.     In its determination of removability, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citation and quotation marks omitted). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." *Id.* at 1062 (internal citations and quotation marks omitted). District courts must independently recognize the value of a claim, rather than rely on the plaintiff's representations. *Id.* at 1064. Further, with regard to a claim for punitive damages the Court is free to use "'judicial experience and common sense.'"

*Shepherd v. State Farm Fire & Cas. Co.*, No. 7:12-CV-0580-LSC, 2012 WL 3139752, at *3 (N.D. Ala. July 30, 2012) (quoting *Roe*, 613 F.3d at 1064).

17.     Here, Plaintiff asserts eleven causes of action which expand the scope of liability far beyond what Plaintiff has allegedly incurred thus far in roof repairs– $11,875. *See* Ex. A, Compl. at ¶96. Indeed, the Policy at issue provides coverage limits in the amount of $436,2000 for dwelling coverage. *See* **Exhibit "B"**.

18.     Moreover, in addition to compensatory damages for his eleven claims, Plaintiff also seeks punitive damages and damages for mental anguish and emotional distress. *See* Ex. A, Compl. at "Wherefore" paragraphs. Claims for "[p]unitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (emphasis added) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

19.     Plaintiff's allegations for compensatory damages, punitive damages, and mental anguish and emotional distress damages satisfy the jurisdictional amount in controversy. *See Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013) (finding amount in controversy met based only on plaintiffs' potential recovery of $100,000 from insurance policy limits and unspecified claim for punitive damages). Indeed, "while the exact scope of punitive damages allowed without violating due process remains ever elusive, the Alabama

Supreme Court has 'found constitutionally acceptable ratios ranging from 1:1 to

121:1." *Id.* (noting it "is virtually impossible to demonstrate…[t]he 'legal certainty'

that there could not be sufficient punitive damages to take the recovery beyond

$75,000") (citation omitted). *See also Jones v. Hartford Fire Ins. Co*., 2013 WL

550419, at *1 (N.D. Ala. Feb. 7, 2013) ("[T]he moment a state court plaintiff seeks

unspecified damages of various kinds, such as punitive damages ... the claim

automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C.

§ 1332."); *Smith v. State Farm Fire & Cas. Co*., 868 F.Supp.2d 1333, 1335 (N.D.

Ala. 2012) (concluding when pursuing claims seeking unspecified damages of

various kinds, including punitive damages, plaintiffs must formally and expressly

disclaim any entitlement to more than jurisdictional amount).

20.    Furthermore, Plaintiff refused to stipulate that the amount in

controversy is less than $75,000. *See* Affidavit of Attorney Katie Powell (attached

as **Exhibit "C"**); *see Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1230 (M.D. Ala.

2021) (finding "the failure to stipulate is one among several reasons why the amount

in controversy exists.").

21.    Removal is therefore proper pursuant to 28 U.S.C. §1446 because it is

apparent from the face of Plaintiff's Complaint that the amount in controversy

exceeds $75,000.

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

22.    Because this Notice of Removal was filed within 30 days of service of the Complaint on State Farm and Trotter, it is timely under 28 U.S.C. §1446(b).

23.    The prerequisites for removal under 28 U.S.C. §1441 have been met.

24.    Defendants State Farm and Trotter have sought no similar relief with respect to this matter.

25.    No further proceedings have been had in this action.

26.    Pursuant to  28 U.S.C. § 1446(d) a written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

27.    Pursuant to  28 U.S.C. § 1446(d) a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Circuit Court Clerk for the Circuit Court of Jefferson County. *See* Notice of Filing Notice of Removal, attached hereto as **Exhibit "D."**

28.    If any question arises as to the propriety of the removal of this action, Defendants State Farm and Trotter request the opportunity to submit a brief and present oral argument in support of their position that this case was properly removed. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (permitting the consideration of evidence outside of the removal petition).

29.    The citizenship of fictitious defendants should not be considered for purposes of determining diversity. *Sexton v. Principal Fin. Group*, 920 F. Supp. 169, 171 (M.D. Ala. 1996) (*citing* U.S.C. § 1441(a)).

30.    Consent to remove a case from state court to federal court is not necessary or required from a defendant that has been fraudulently or improperly joined. *See Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222, n. 3 (M.D. Ala. 1999). Moreover, Plaintiff has not yet properly served the Summons and Complaint on Defendant Abernathy. *See Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1294 (N.D. Ala. 2019) (stating that defendants who are unserved need not join in the removal).

## CONCLUSION

For the foregoing reasons, Defendants State Farm and Trotter respectfully request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**RESPECTFULLY SUBMITTED** this the 10th day of March, 2022.

**/s/   Katie T. Powell**
**Katherine T. Powell [ASB-1047-H60T]**
**Katie.powell@butlersnow.com**
**Lauren M. Snyder [ASB-6766-D00X]**
**Lauren.snyder@butlersnow.com**

*Attorneys for State Farm Fire and Casualty*
*Company and Steven Trotter*

**OF COUNSEL:**
**BUTLER SNOW LLP**
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 297-2200
Facsimile:   (205) 297-2100

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's filing system, electronic mail and/or by depositing a copy of the same in the U. S. Mail, first-class postage prepaid and properly addressed as follows:

Bruce Romeo
Steven Mezrano
MEZRANO LAW FIRM, PC
31 Inverness Center Parkway, Suite 350
Birmingham, Alabama 35242
Telephone: (205) 206-6300
Facsimile: (205) 206-6301
bruce@mezrano.com
steven@mezrano.com

     **Done this the 10th day March, 2022.**


                         **/s/  Katie Powell**
                         **OF COUNSEL**

63528250.v1