FILED

2022 May-11  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES A. MEZRANO, JR.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:22-CV-00313-RDP** |
| | } | |
| **STATE FARM FIRE & CASUALTY** | } | |
| **COMPANY, et. al,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on the following motions: Defendant Steven Trotter's Motion to Dismiss (Doc. # 3), Defendant State Farm Fire & Casualty Company's Motion to Dismiss (Doc. # 4), Defendant Shane Abernathy's Motion to Dismiss (Doc. # 9), and Plaintiff's Motion to Remand (Doc. # 10). For the reasons provided below, Plaintiff's Motion to Remand (Doc. # 10) is due to be granted, and Defendants' motions to dismiss (Docs. # 3, 4, 10) are, therefore, due to be denied as moot.

## I.    Background

On February 3, 2022, Plaintiff filed this action against State Farm Fire & Casualty Company, Steven Trotter, and Shane Abernathy in the Circuit Court of Jefferson County, Alabama. (Doc. # 1-1 at 3). Plaintiff alleges that his residence's roof was damaged during a windstorm on January 25, 2021. (*Id.* at 7). Plaintiff made a claim with State Farm, which assigned Trotter and Abernathy as the claim adjusters. (*Id.*). Plaintiff contends that the adjuster's inspection of his roof "was conducted in a negligent, wanton and/or fraudulent manner." (*Id.* at 8). Plaintiff further avers that State Farm wrongfully ignored or omitted consideration of various damages to his roof and that State Farm wrongfully attributed damage to certain events unrelated to the January

25, 2021 windstorm. (*Id.*). As a result, Plaintiff contends that he had to hire a company to replace his roof and pay for those expenses out of pocket. (*Id.*). Based on these allegations, Plaintiff asserts eight causes of actions against State Farm, Trotter, and Abernathy: (1) negligent failure to settle and/or investigate; (2) wanton failure to settle and/or investigate; (3) respondeat superior; (4) negligent hiring, training, supervisor, and/or retention; (5) wanton hiring, training, supervision, and/or retention; (6) agency; (7) fraud; and (8) civil conspiracy. (*Id.* at 8-12, 16-20) In addition, Plaintiff asserts three other causes of action against State Farm: (1) unjust enrichment; (2) breach of contract; and (3) bad faith. (*Id.* at 13-16).

On March 10, 2022, Defendants State Farm and Trotter filed their notice of removal. (Doc. # 1). Defendants State Farm and Trotter argue that Plaintiff fraudulently joined Abernathy to avoid removal of his state court action because Plaintiff and Abernathy are both citizens of Alabama. (*Id.* at 4-16). Removing Defendants also argue that this action meets the amount-in-controversy requirement because Plaintiff seeks punitive damages and mental anguish and emotional distress damages in addition to compensatory damages. (*Id.* at 16-19).

On March 16, 2022, State Farm filed a partial motion to dismiss, and Trotter filed a motion to dismiss. (Docs. # 3, 4). The following day, the court ordered Plaintiff to respond to those motions within fourteen days of the order. (Doc. # 8). In the middle of the fourteen-day period, Abernathy appeared and also filed a motion to dismiss. (Doc. # 9). On March 31, 2022, Plaintiff filed a motion to remand and response to the first two motions to dismiss (in name only). Despite the court's order, Plaintiff refused to substantively respond to the motions to dismiss, arguing that the court lacked subject matter jurisdiction because the amount-in-controversy requirement under 28 U.S.C. § 1332 was not met. (*See* Doc. # 10). On April 1, 2022, the court ordered that Defendants respond to the motion to remand and that Plaintiff respond to Abernathy's motion to dismiss. (Doc. # 11).

Defendants followed the court's order, but Plaintiff again argued that it was premature to respond to the motions to dismiss until the court determined it had subject matter jurisdiction to hear the case. (Docs. # 12, 18).

## II.    Standard of Review

The court has an obligation to inquire into its own jurisdiction. *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[R]emoval jurisdiction is no exception to . . . [this] obligation." *Id.* Under 28 U.S.C. § 1441(a), a defendant may remove an action brought in state court to a United States district court that has original jurisdiction -- either through federal question jurisdiction (§ 1331) or diversity of citizenship jurisdiction (§ 1332). A "party commencing suit in federal court [under § 1332] . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d at 1085.

A removing party bears the burden of establishing the federal court's subject matter jurisdiction over a case. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). In particular, the burden on the removing party to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). The removing party must establish fraudulent joinder by clear and convincing evidence. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Clear and convincing evidence" means "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain" and is "a greater burden than preponderance of the evidence ... but less than evidence beyond a reasonable doubt." *Evidence*,

3

Black's Law Dictionary (10th ed. 2014).

"When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citations omitted). "The potential for legal liability 'must be reasonable, not merely theoretical.'" *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal citations omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). Further, in deciding whether a case should be remanded, the court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

## III.    Analysis

As noted above, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A party cannot waive subject matter jurisdiction, and a removed action must be remanded any time before a final judgment if it appears that the district court lacks subject matter jurisdiction. *Id.* Here, in his motion to remand, Plaintiff asserts that the amount-in-controversy requirement has not been met.[1] However, upon its own review of the

---

[1] The court notes that both sides in this case appear to be engaged in gamesmanship with respect to the amount in controversy. Plaintiff paid $11,875 to replace his roof and that amount is a rough estimate of compensatory damages here. Removing Defendants argue that the amount in controversy exceeds $75,000 as a result of Plaintiff's inclusion of punitive damages in the *ad damnum* clauses as well as seeking mental anguish and emotional distress damages. However, on December 7, 2021, Plaintiff offered to settle the controversy for $12,371. (Doc. # 10-3 at 3). And, while Plaintiff is adamant that his claim is for less than the jurisdictional requirement, he has refused to stipulate that the

complaint, notice of removal, and the relevant briefing, the court concludes that Plaintiff's motion to remand is due to be granted because Defendant Abernathy (1) is not diverse from Plaintiff, (2) is a resident defendant; and (3) was not fraudulently joined.

Defendants State Farm and Trotter assert that this court has subject matter jurisdiction under 28 U.S.C. § 1441(b). That section provides that the requirements of 28 U.S.C. § 1332(a) must be met, 28 U.S.C. § 1441(b)(1), and that a civil action otherwise removable based on § 1332(a) may not be removed if any party in interest properly joined and served as defendants is a citizen of the State in which the action is brought (the resident-defendant rule). 28 U.S.C. § 1441(b). Section 1332(a) provides that the amount-in-controversy must exceed $75,000, exclusive of interest and costs, and that there must be complete diversity between the adverse parties. 28 U.S.C. § 1332(a).

In this case, Defendant Abernathy is not diverse from Plaintiff, and Abernathy is a resident defendant of Alabama. Defendants State Farm and Trotter attempt to overcome this defect by arguing that Plaintiff fraudulently joined Abernathy. The court disagrees.

There are three circumstances that constitute fraudulent joinder. The first is where "there is no possibility that the plaintiff would be able to establish a cause of action against the [nondiverse] defendant in state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superseded by statute, 28 U.S.C. § 1441(a), on other grounds as recognized in *Stillwell*, 663 F.3d at 1333). The second is where "the plaintiff has fraudulently [pleaded] jurisdictional facts to bring the [nondiverse] defendant into state court." *Henderson*, 454 F.3d at 1281. The third is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real

---

amount in controversy is less than $75,000. (Doc. # 1 at 19). Nonetheless, because the requirement of complete diversity is not met in this case, the court declines to further discuss the amount-in-controversy issue.

connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendants State Farm and Trotter only argue that fraudulent joinder is shown under the first circumstance. As a result, the only issue the court must decide is whether Removing Defendants can meet their heavy burden of proving by clear and convincing evidence that there is no reasonable possibility that an Alabama court could find that the complaint states an arguable cause of action for fraud against Abernathy. Again, this court must resolve any uncertainties about how a state court would rule in favor of Plaintiff, *Pacheco*, 139 F.3d at 1380, and it must not weigh the merits of the claim beyond determining whether there is an arguable cause of action under state law. *Crowe*, 113 F.3d at 1538. Applying this standard, Removing Defendants have not met their heavy burden.

The Alabama Supreme Court has defined a fraud claim as follows:

> (1) a false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. If fraud is based upon a promise to perform or abstain from performing in the future, two additional elements must be proved: (1) the defendant's intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive.

*Deng v. Scroggins*, 169 So. 3d 1015, 1024 (Ala. 2014) (citing *Coastal Concrete Co. v. Patterson*, 503 So. 2d 824, 826 (Ala. 1987)). Removing Defendants do not argue that the fraud claim against Abernathy as a claims adjuster is foreclosed by Alabama law. Rather, they make such an argument related to the causes of actions alleging negligent handling of insurance claims. (Doc. # 1 at 6) (citing *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995)); *see Johnson v. Safeway Ins. Co.*, No. 2:12-cv-2776-AKK, 2012 WL 4733293 (N.D. Ala. 2012) (remanding action because the defendants had not met their heavy burden of proving fraudulent joinder of a non-diverse claims adjuster against whom the plaintiff asserted claims of outrage and fraudulent suppression). Also,

6

in their Notice of Removal, Defendants rely upon the wrong standard: they argue that Plaintiff failed to plead a *plausible* fraud claim against Abernathy. (Doc. # 1 at 9, 11). However, when confronted with a motion to remand, the court does not apply a Rule 12(b)(6) plausibility standard; rather, the court asks if there is a reasonable *possibility* that a state court would find that the complaint states a cause of action against the non-diverse defendant. *Stillwell*, 663 F.3d at 1333 (quoting *Triggs*, 154 F.3d at 1287). Indeed, the result may very well be different when a court analyzes the issue under Rule 12(b)(6). However, applying the reasonable possibility standard, Removing Defendants have not shown by clear and convincing evidence that Plaintiff fraudulently joined Abernathy.

Removing Defendants also argue that Plaintiff failed to plead fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure and Alabama Rules of Civil Procedure. (Doc. # 1 at 12). However, "Eleventh Circuit precedent instructs district courts 'not to gauge the sufficiency of the pleadings' because [in a case that should return to state court] 'the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands.'" *Johnson*, 2012 WL 4733293 at *4 (quoting *Henderson* 454 F.3d at 1284).

After evaluating the factual allegations in the light most favorable to Plaintiff and resolving uncertainties in the state substantive law in favor of Plaintiff, the court concludes that Removing Defendants fail to meet their heavy burden of showing that Plaintiff fraudulently joined Abernathy. There is a reasonable possibility that Plaintiff's fraud claim against Abernathy provides an arguable cause of action in an Alabama state court. Thus, the presence of Abernathy defeats complete diversity and violates the resident-defendant rule for removal jurisdiction.

**IV.    Conclusion**

  The court does not condone Plaintiff's refusal to respond to the motions to dismiss, his refusal to address fraudulent joinder in the motion to remand, or his lackluster advocacy regarding the issue of fraudulent joinder in his reply brief. Nevertheless, the court has a duty to *sua sponte* review subject matter jurisdiction. Thus, while Plaintiff has focused heavily on the amount-in-controversy argument, Plaintiff's motion to remand is due to be granted for a separate reason: Removing Defendants have not met their heavy burden of proving fraudulent joinder -- or, their general burden of establishing the federal court's subject matter jurisdiction over the case.

  A separate order in accordance with this memorandum opinion will be entered.

  **DONE** and **ORDERED** this May 11, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

8